UNITED STATES v. SOUTHERN PAC. CO.

(Circuit Court of Appeals, Ninth Circuit. February 15, 1915.)

No. 2443.

1. MASTER AND SERVANT ⬅️17—HOURS OF SERVICE—ACTIONS FOR PENALTIES —ANSWER.

In an action for penalties under Hours of Service Act March 4, 1907, c. 2939, 34 Stat. 1415 (Comp. St. 1913, §§ 8677–8680), for requiring and permitting a train crew to remain on duty for 17½ hours, an answer, alleging that the train was detained for 1½ hours on account of it breaking in two, and that such delay was the result of a cause not known to the defendant or its officers or agents in charge of the train and the employés at the time the train left a terminal, and that it was caused by an unavoidable accident, and one that could not have been foreseen by the defendant or any of its officers, agents, or employés, stated a good defense as against a demurrer, though the defendant might be unable, upon a trial, to establish that the breaking in two was due to a cause which could not have been foreseen.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 16; Dec. Dig. ⬅️17.]

2. MASTER AND SERVANT ⬅️13—HOURS OF SERVICE—STATUTORY PROVISIONS.

Where the breaking in two of a train, causing the trainmen to remain on duty for more than 16 consecutive hours, is due to defective equipment or improper handling, the case is not within the provision of Hours of Service Act that such act shall not apply in any case of casualty, or unavoidable accident, or act of God, nor where the delay was the result of a cause not known to the carrier or its officer or agent in charge of the employé at the time he left a terminal, and which could not have been foreseen.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. ⬅️13.

Hours of service of employés, see note to United States v. Houston Belt & T. Ry. Co., 125 C. C. A. 485.]

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of Arizona.

Action for statutory penalties by the United States against the Southern Pacific Company. Judgment for defendant on certain counts, and the United States brings error. . Affirmed.

Thomas A. Flynn, U. S. Atty., of Phœnix, Ariz., Samuel L. Pattee, Asst. U. S. Atty., of Douglas, Ariz., Monroe C. List and Philip J. Doherty, ·Sp. Asst. U. S. Attys., both of Washington, D. C., for the United States.

Francis M. Hartman, of Tucson, Ariz., and Chas. J. Heggerty and Knight & Heggerty, all of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. [1] This action was brought by the government to recover from the Southern Pacific Company certain penalties for alleged violations of the act of Congress known as the "Hours of Service Act," approved March 4, 1907 (34 Stat. p. 1415); the complaint containing 12 counts, the first 6 relating to the hours of service on one train, and the last 6 to the hours of service on another train. The last 6 are the only counts involved on this writ of error, and are substantially the same, except as to the names of the trainmen, and charge that on the defendant company's extra train, drawn by locomotive engine 2794, leaving Tucson, in the state of Arizona, at 5:20 a. m. December 22, 1912, for Bowie, in the same state (the said train being then and there engaged in the movement of interstate traffic), the defendant company required· and permitted the train crew to be and remain on duty for a longer period than 16 consecutive hours, to wit, from said hour of 5:20 a. m. to 10:50 p. m. of the same day. As an affirmative answer and defense to those counts the defendant company alleged and prayed as follows:

"The defendant alleges, by way of relief and exoneration from the provisions of the statute in plaintiff's said complaint set out, that the said extra train No. 2794 was delayed and detained en route at a station called Esmond, in the county of Pima, state of Arizona, while en route on the day and date named in plaintiff's complaint, for the period of one hour and thirty minutes, on account of and by reason of the said train breaking in two, and that the said break in two and delay of one hour and thirty minutes was the result of a cause not known to the defendant or its officers, agents, or any of them, in charge of said train, and of such employés, at the time said train and employés left Tucson, the terminal, from which it started at ——— a. m., on said date, and that the same was caused by an unavoidable accident, and one that could not have been foreseen by this defendant or any of its officers, agents, or employés; all of which and the time of delay was promptly reported to the Interstate Commerce Commission by the defendant herein, together with the defendant's claim of exemption for the one hour and thirty minutes delay at Esmond as aforesaid.

"Wherefore defendant prays that the delay of one hour and thirty minutes, by reason of the unavoidable accident as aforesaid, be allowed defendant, and that the provisions of this act shall not apply to this defendant in the alleged causes of action contained in counts 7, 8, 9, 10, 11, and 12 set forth in plaintiff's complaint, and that the defendant go.hence without day, together with its costs."

The plaintiff in the case demurred to the affirmative defense upon these grounds:

"1. It does not appear that the breaking in two of the train at Esmond, and the delay thereto, was not known to the defendant, or its officer or agent in charge of said employés at the time they left a terminal.

"2. It does not appear that the breaking in two of the train at Esmond prevented the defendant from relieving the employé named in any of said causes of action before he had been continuously on duty more than 16 hours.

"3. It does not appear that the failure of the defendant to relieve the employé named in any of said causes of action before he had been continuously on duty more than 16 hours was due to a casualty or unavoidable accident or the act of God, or that the failure to so relieve such employé was the result of a cause not known to the defendant or its officer or agent in charge of such employé at the time he left a terminal and which could not have been foreseen.

"4. It does not appear that the defendant made any effort whatsoever to relieve the employé named in any of said causes of action before he had been continuously on duty more than 16 hours.

"5. The facts pleaded do not constitute a defense to any of said causes of action."

The trial court having overruled the demurrer, and the plaintiff having duly excepted to the ruling and elected to stand upon the pleadings, the cause was called for trial upon the first 6 counts of the complaint, resulting in a verdict for the plaintiff as to them by direction of the court, and a judgment thereon in favor of the plaintiff, and in favor of the defendant as respects the last 6 counts of the complaint, being the counts here involved. From the latter portion of the judgment the plaintiff brings the present writ of error, assigning as error:

"1. The said District Court of the United States for the District of Arizona erred in overruling the demurrer of the United States of America to the answer of the said Southern Pacific Company to the seventh, eighth, ninth, tenth, eleventh, and twelfth causes of action set forth in the petition or complaint herein, for the reason that it does not appear from the said answer that the breaking in two of the train mentioned in said answer at Esmond, and the delay thereto, was not known to the said Southern Pacific Company, or its officer or agent in charge of the employés mentioned in said causes of action at the time they left a terminal.

"2. The said District Court erred in overruling the said demurrer, for the reason that it does not appear from said answer that the breaking in two of said train at Esmond prevented the said Southern Pacific Company from relieving the employé mentioned in any of said causes of action before he had been continuously on duty more than 16 hours.

"3. The said District Court erred in overruling said demurrer, for the reason that it does not appear from the said answer that the failure of the said Southern Pacific Company to relieve the employé named in any of said causes of action before he had been continuously on duty more than 16 hours was due to a casualty or unavoidable accident or the act of God, or that the failure so to relieve such employé was the result of a cause not known to said Southern Pacific Company or its officer or agent in charge of such employé at the time he left a terminal and which could not have been foreseen.

"4. The said District Court erred in overruling said demurrer, for the reason that it does not appear from the said answer that the said Southern Pacific Company made any effort whatsoever to relieve the employé named in any of said causes of action before he had been continuously on duty more than 16 hours.

"5. The said District Court erred in overruling said demurrer, for the reason that the matters set forth therein as a defense to said causes of action are insufficient in law to constitute a defense to any of said causes of action.

"6. The said District Court erred in rendering judgment in favor of said

Southern Pacific Company and against the said United States of America upon the seventh, eighth, ninth, tenth, eleventh, and twelfth causes of action set forth in said petition or complaint, for the reasons stated in the foregoing assignments of error."

[2] In effect, the averments of the affirmative answer and defense are that the 1 hour and 30 minutes overtime was caused by the breaking in two of the train, which accident was unavoidable and could not have been foreseen by any of the officers, agents, or employés of the defendant company at the time the train left the terminal from which it started. Upon a trial of that matter the burden of proving such facts would, of course, be upon the defendant company, and it might well appear upon such trial that the breaking in two of the train was due to a cause or causes which should have been foreseen, such, for instance, as defective equipment of the train, or the improper handling of it, in which event we regard it as clear that the defendant company would not have brought itself within that provision of the act in question which declares:

"That the provisions of this act shall not apply in any case of casualty or unavoidable accident, or the act of God, nor where the delay was the result of a cause not known to the carrier or its officer or agent in charge of such employé at the time said employé left a terminal, and which could not have been foreseen."

But the allegation of the answer is that the accident was unavoidable and could not have been foreseen, which, as against a demurrer, must, of course, be taken as true. In a case arising under the same statute—Missouri, K. & T. Ry. Co. v. United States, 231 U. S. 112, 34 Sup. Ct. 26, 58 L. Ed. 144—the Supreme Court said:

"It is urged that in one case the delay was the result of a cause, a defective injector, that was not known to the carrier, and could not have been foreseen when the employés left a terminal, and that therefore by the proviso in section 3 the act does not apply. But the question was raised only by a request to direct a verdict for the defendant, and the trouble might have been found to be due to the scarcity and bad quality of the water, which was well known."

Our views regarding the act having been fully stated in the case of San Pedro, Los Angeles & Salt Lake Railroad Co. v. United States, 220 Fed. 737, 136 C. C. A. 343, just decided, it is not necessary to repeat them here.

The judgment is affirmed.