ATCHISON, T. & S. F. RY. CO. v. UNITED STATES.

(Circuit Court of Appeals for the Ninth Circuit. February 15, 1915. Rehearing Denied March 18, 1915.)

No. 2466.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Olin Wellborn, Judge.

Action at law by the United States against the Atchison, Topeka & Santa Fé Railway to recover penalties for alleged violations of the act of Congress entitled "An act to promote the safety of employés and travelers upon railroads by limiting the hours of service of employés thereon," approved March 4, 1907 (34 Stat. 1415, c. 2939 [Comp. St. 1913, §§ 8677–8680]). Judgment for plaintiff, and defendant brings error. Affirmed.

U. T. Clotfelter, E. W. Camp, and Paul Burks, all of Los Angeles, Cal., for plaintiff in error.

Albert Schoonover, U. S. Atty., and Harry R. Archbald, Asst. U. S. Atty., both of Los Angeles, Cal., and Monroe C. List and Philip J. Doherty, Sp. Asst. U. S. Attys., both of Washington, D. C.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The plaintiff in error is charged in the complaint filed by the United States with having permitted three of its employés to be and remain on duty for a longer period than 16 hours, to wit, from the hour of 10:40 p. m. on October 2, 1912, to the hour of 8:25 p. m. on October 3, 1912. It appears from the stipulated facts filed in the court below that the employés of the plaintiff in error were employed as conductor and brakemen, respectively, on one of the trains of the plaintiff in error running between Parker, Ariz., and Los Angeles, Cal.; that the employés went on duty at Parker, Ariz., at 10:40 p. m. on October 2, 1912; that the train on which they were employed left Parker at 11:10 p. m. of that date, and arrived at Barstow, Cal., at 7:10 a. m. on October 3, 1912, having been delayed between the two points for a period of 2 hours and 30 minutes on account of washouts; that the train left Barstow, Cal., at 7:45 a. m. on October 3d, with ample time then remaining to reach Los Angeles within less than 16 hours from the time the employés entered upon their duties, but while the train was being operated between Barstow and San Bernardino an axle broke under the tank of an engine, whereby the movement of the train was unavoidably delayed for a period of 6 hours and 10 minutes, with the result that the train reached San Bernardino at 5:30 p. m. and Los Angeles at 8:25 p. m. on October 3d, the employés having then been on duty for 21 hours and 45 minutes; that before the delay of 6 hours and 10 minutes caused by the broken axle had expired, and before the damage which had caused the delay had been repaired, and before the train left the point where such delay occurred, it was known to the plaintiff in error that its employés would have been on duty in excess of 16 hours by the time the train reached San Bernardino, but no effort was made to relieve the employés before they had been on duty in excess of 16 hours, either previous to or at the time of their arrival at San Bernardino, or at any time before the employés reached Los Angeles; that San Bernardino was a division terminal, but was not a terminal for the employés of the train involved in this proceeding, but the employés of the plaintiff in error could have been relieved at that place and the train placed in charge of another crew.

The position taken by the plaintiff in error is that the facts above set forth constitute no violation of the statute, for the reason that the terminal of its train was Los Angeles, and it was entitled to permit its employés to be and remain on duty until that terminal was reached, regardless of whether the 16-hour period prescribed by the statute had expired. The government's contention is that where delays have occurred the employés may continue to operate the train, but that they cannot be held in service beyond the 16-hour period prescribed by the act, if a suitable stopping place should be reached at which they may be relieved, and that if such a place is reached, and the employés are not relieved, there is a violation of the law.

The positions taken by each of the parties in the present action, and the arguments advanced in support of those positions, are in all substantial respects identical with the positions and arguments of the parties in the case of San Pedro, Los Angeles & Salt Lake Railroad Co. v. United States of America, 220 Fed. 737, 136 C. C. A. 343, decided by this court on February 1, 1915. On the authority of that case, the judgment of the court below is affirmed.