INDIANA HARBOR BELT RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. July 24, 1917.)

No. 2457.

1. MASTER AND SERVANT ☞13—EMPLOYÉS—HOURS OF SERVICE ACT.

Under Hours of Service Act March 4, 1907, c. 2939, § 3, 36 Stat. 1416 (Comp. St. 1916, § 8679), declaring that the provisions for penalty for keeping employés on duty for longer than allowed shall not apply in case of casualty or unavoidable accident, or where the delay was the result of a cause not known to the carrier, or its officer or agent in charge of such employé at the time the employé left the terminal, and which could not have been foreseen, a railroad company cannot excuse the keeping of train employés on duty for longer than 16 hours, though the derailment of a car in a train ahead caused a delay which resulted in keeping the employés on duty for longer than the period allowed; it not appearing that after the derailment the company exercised a high degree of diligence to avoid the effect thereof.

2. MASTER AND SERVANT ☞17—OPERATION—HOURS OF SERVICE ACT.

In an action for violating the Hours of Service Act by keeping train employés on duty for more than 16 hours, evidence *held* insufficient to show that the company's agents exercised a high degree of care to prevent employés from being on duty longer than the period allowed.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the United States against the Indiana Harbor Belt Railway Company for violation of the Hours of Service Act. There was a judgment for the United States, and defendant brings error. Affirmed.

F. Harold Schmitt, of Chicago, Ill., for plaintiff in error.

Charles F. Clyne and Frederick Dickinson, both of Chicago, Ill., and Philip J. Doherty, of Washington, D. C., for the United States.

Before KOHLSAAT and EVANS, Circuit Judges.

PER CURIAM. [1] The railroad crew, consisting of five men in charge of a freight train running from Blue Island to Chicago and return, a distance of 63 miles, and which train was engaged in interstate commerce, was in continuous service for a period varying from 17 hours 5 minutes to 17 hours 35 minutes. In justification for such hours of service the plaintiff in error showed that, by reason of a derailment of a car in a train ahead, there was a delay of 2 hours and 20 minutes.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The first contention of the plaintiff in error is that delay being of such origin comes within the exception of section 3 of the act, and the maximum period of 16 hours was thereby automatically extended 2 hours and 20 minutes. This position must be rejected upon the authority of San Pedro, Los Angeles & Salt Lake R. R. Co. v. United States, 220 Fed. 737, 136 C. C. A. 343; Atchison, Topeka & Santa Fé R. R. Co. v. United States, 220 Fed. 748, 136 C. C. A. 354; United States v. Atchison, Topeka & Santa Fé R. R. Co. (D. C.) 236 Fed. 154; Northern Pacific R. R. Co. v. United States, 213 Fed. 577, 136 C. C. A. 157; United States v. Southern Pacific Co., 220 Fed. 748, 136 C. C. A. 351; Chicago & Northwestern R. R. v. United States, 234 Fed. 268, 148 C. C. A. 170; Baltimore & Ohio R. R. Co. v. United States, 243 Fed. 153, —— C. C. A. —— (decision of Circuit Court of Appeals, Sixth Circuit, decided May 8, 1917).

The defense of the carrier in a case like the present one is not complete by showing a delay which was "the result of a cause not known to the carrier or its officers or agents in charge of such employés at the time said employés left a terminal and which could not have been foreseen." The carrier was required to show, in addition thereto, that it exercised a high degree of diligence to overcome the effect of the delay and relieve its employés from continuous service over 16 hours. See cases cited above.

[2] The second contention of the plaintiff in error is that the evidence showed affirmatively a high degree of diligence displayed on its part to prevent continuous service beyond 16 hours. The case was tried by the court without a jury upon stipulation of the parties. The record fails to show any effort on the part of the carrier to relieve its servants from employment upon the expiration of the maximum time limit during which they might be continuously in service. In fact, it was admitted on the trial that no effort was made by the train dispatcher or any other representative of the carrier to relieve the crew after it learned of the accident and resulting delay. The train dispatcher labored under the impression that the 16-hour limit was extended for a period of 2 hours and 20 minutes, due to excusable delay, and that no violation of the law would occur until the crew had been in continuous service for 18 hours and 20 minutes, and such misapprehension of the law explains, at least in part, the failure of the carrier to take any steps to relieve the crew. We conclude the evidence supports the finding of the learned trial judge.

This being the situation disclosed by the record, there is no need of considering the government's contention that the evidence utterly fails to disclose any such a delay as is defined in the exception appearing in section 3 of the act.

Judgment is affirmed.