ATCHISON, T. & S. F. RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.  May 21, 1918.)

No. 3079.

1. MASTER AND SERVANT ⊚⟹17—HOURS OF SERVICE ACT—PENALTIES—EVIDENCE.

The Hours of Service Act imposes a positive and absolute duty on railroads to obey its command, and hence, in an action for penalties for violation, the exclusion of evidence as to changes in the methods to enable the defendant railroad company to meet new conditions created by the statute and secure compliance therewith, was proper.

2. MASTER AND SERVANT ⊚⟹17—HOURS OF SERVICE ACT—PENALTY—DEFENSE.

In an action for penalties for keeping railroad employés on duty beyond the limits prescribed by the Hours of Service Act, it is not a complete defense that unavoidable accidents caused delays for a period of time equal in each case to the excess service, but the company must also show the excess service was the necessary result of the accidents and that it exercised requisite diligence to prevent violations of the act.

3. MASTER AND SERVANT ⊚⟹17—HOURS OF SERVICE ACT—BURDEN OF PROOF.

Though unavoidable accidents occur, it is the duty of a railroad company to do all within its power to limit the hours of service in accordance with the Hours of Service Act, and the company has the burden of showing that any excess service was the result of accident, etc.

4. MASTER AND SERVANT ⊚⟹13—HOURS OF SERVICE ACT—VIOLATION.

Where violations of the Hours of Service Act occurred before the United States entered war, the railroad company cannot escape liability on the theory that the act should, in view of new and unusual conditions, be construed so as to permit operation of railroads to their full capacity.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Robert S. Bean, Judge.

Action by the United States against the Atchison, Topeka & Santa Fé Railway Company to recover for penalties for violation of the Hours of Service Act (Act March 4, 1907, c. 2939, 34 Stat. 1415 [Comp. St. 1916, §§ 8677–8680]).  From the judgment, defendant brings error.  Affirmed.

E. W. Camp, Robert Brennan, and Paul Burks, all of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., of Los Angeles, Cal., and Roscoe F. Walter, Sp. Asst. U. S. Atty., and Philip J. Doherty, Sp. Asst. U. S. Atty., both of Washington, D. C.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge.  The court below instructed the jury at the close of the testimony to return a verdict for the United States upon 16 counts in an action to recover penalties for violations of the federal Hours of Service Law.  The counts are in three groups: First, as to the crew in charge of a train which ran from Bakersfield to Barstow; second, as to the train crew on a train running from Needles to Barstow; and, third, as to the train crew on a train running from

Barstow to Needles. In the first group the excess of hours of service was 2 hours and 15 minutes, and in the second and third it was 1 hour. The defense relied upon was that the excess of hours of service was occasioned by unavoidable accidents, causing delays in the movements of the trains. The court below held that, to avoid liability to the penalty prescribed by the statute, the defendant must show that the excess service was required by unforeseen casualties, and could not have been prevented by the high degree of care contemplated by the act, and that according to the testimony the accidents relied upon accounted for a portion only of the service rendered in excess of the specified 16 hours, inasmuch as the ordinary running time between the terminals was but 12 or 12½ hours.

[1] The defendant assigns error to the exclusion of certain testimony which it offered to show what changes in methods, practices, and properties it had made to enable it, in the exercise of reasonable care, prudence, and foresight, to meet the new conditions created by the statute and to secure compliance therewith. This testimony was offered on the theory that a general exercise of diligence on the part of the defendant to avoid future violations of the statute might be shown in evidence as bearing upon the question whether it had or had not violated the law in the particular instances in which violation was charged. We think the evidence was properly excluded as foreign to the issues. Proof of reasonable care and diligence to make provision against violations of the Hours of Service Law in the operation of a railroad is not proof, and does not tend to prove, that the law has not been violated. The law imposes on carriers, not an obligation to exercise care and diligence, but a positive and absolute duty to obey its command. United States v. O.-W. R. & Nav. Co. (D. C.) 213 Fed. 688; United States v. O.-W. R. & Nav. Co. (D. C.) 218 Fed. 925; C., B. & Q. Ry. v. United States, 220 U. S. 559, 31 Sup. Ct. 612, 55 L. Ed. 582.

[2, 3] There were no points between the terminals at which the defendant had men available as substitutes for the train crews, and it contends that the act contemplates the continuance in service of crews whose runs have been delayed by casualties until such crews reach the next terminal or relay point, at which in the exercise of reasonable care they may be relieved, and it cites Atchison, T. & S. F. Ry. Co. v. United States, 244 U. S. 336, 37 Sup. Ct. 635, 61 L. Ed. 1175, in which the court reached the conclusion that in keeping the crew in service beyond San Bernardino, which was a terminal, the company was guilty of a violation of the statute, and it argues that in the present case no crews were kept in service beyond a terminal, and that the law should be given a construction consistent with the practical operation of railroads. In brief, the position of the defendant is that it makes a complete defense when it shows that the unavoidable accidents caused delays for a period of time sufficient in each case to equal the excess service, and that it is not called upon to show what use was made of the remainder of the time, or that the excess service was the necessary result of the accidents which caused the delays. This position cannot be sustained. The evidence is that

the first crew were on duty 6 hours and 25 minutes beyond the regular running time, whereas the delay caused by what is claimed to have been unavoidable accident was but 2 hours and 25 minutes; that the second and third crews were on duty 5 hours beyond the regular running time, whereas the delays attributable to the accidents were in each case but 1 hour, leaving in each case 4 hours unaccounted for. No attempt was made to explain the delays in the running of the trains as resulting from other causes. The burden was upon the defendant to show that the excess service was the necessary result of the causes which are claimed to have justified it, and that the defendant exercised the requisite diligence to prevent it. United States v. Southern Pac. Co., 220 Fed. 745, 136 C. C. A. 351; Great N. Ry. Co. v. United States, 218 Fed. 302, 134 C. C. A. 98, L. R. A. 1915D, 408; United States v. Kansas City Southern Ry. Co., 202 Fed. 828, 121 C. C. A. 136; United States v. Houston Belt & Terminal Ry. Co., 205 Fed. 344, 125 C. C. A. 481; Denver & R. G. R. Co. v. United States, 233 Fed. 62, 147 C. C. A. 132. And, notwithstanding the delays caused by the accidents, it was still the defendant's duty to do all reasonably within its power "to limit the hours of service in accordance with the requirements of the law." Atchison, T. & S. F. Ry. Co. v. United States, 244 U. S. 336, 37 Sup. Ct. 635, 61 L. Ed. 1175. In Baltimore & O. R. Co. v. United States, 243 Fed. 153, 156 C. C. A. 19, the court held that, if there was delay from an unavoidable accident, "the railroad was entitled to add to the 16 hours all the delay, no more and no less, which thereafter occurred as the result of this cause."

[4] The defendant contends that the new and unusual conditions confronting transportation in war times should be considered, and that no requirement tending to subject the handling of troops, munitions, and supplies to the delays incident to relieving crews between terminals should be exacted, citing Pennsylvania R. Co. v. United States, 246 Fed. 881, —— C. C. A. ——, in which it was said that in war times the courts of the country in their administration of law should recognize the new and unusual conditions which confront them, and that such construction of the laws should be adopted as would promote a practical operation of railroads to their full limit of ability. In answer to this it is sufficient to point to the fact that the violations of the law charged in the counts in the present case all occurred in October, 1914, long prior to the entry of the United States into war, and long prior to any congestion or derangement of transportation facilities arising from war conditions abroad.

The judgment is affirmed.