# SAN PEDRO, LOS ANGELES & SALT LAKE RAIL- ROAD COMPANY v. UNITED STATES.

**ERROR AND PETITION FOR CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.**

No. 48.  Submitted November 12, 1917.—Decided June 3, 1918.

A judgment of the Circuit Court of Appeals is not reviewable by writ of error under Jud. Code, § 241, where the amount actually in dispute is less than $1,000.

Writ of error to review 220 Fed. Rep. 737, dismissed; certiorari denied.

THE case is stated in the opinion.

*Mr. Alexander Britton, Mr. Evans Browne, Mr. F. W. Clements* and *Mr. A. S. Halsted* for plaintiff in error and petitioner.

*Mr. Assistant Attorney General Frierson* and *Mr. S. Milton Simpson* for the United States.

MR. JUSTICE PITNEY delivered the opinion of the court.

The judgment of the Circuit Court of Appeals that is sought to be reviewed affirmed in part and reversed in part a judgment of the District Court in an action brought by the United States to recover penalties for certain violations of the Hours of Service Act of March 4, 1907, c. 2939, 34 Stat. 1415, 1416.  220 Fed. Rep. 737.  Defendant challenges and seeks to have reviewed only so much of the judgment as affirmed the recovery of six penalties of $150 each, for as many separate violations of the act.  The employees involved are a conductor and two brakemen on each of two passenger trains, known as Nos. 1 and 7, starting from Las Vegas, Nevada, for

Los Angeles, California, on October 3 and 4, 1912. The cases are so much alike that a reference to train No. 1 will suffice. It occupied 27 hours in a journey from Las Vegas to Los Angeles, 334 miles, although the schedule running time between those points was only 13½ hours. The train left Las Vegas on schedule time and with a fresh crew, but was subsequently detained by an unavoidable and unforeseeable accident (a landslide, requiring a detour over another railroad), so that when it reached Daggett, a point in the route 158.6 miles from Los Angeles, the prescribed 16-hour period had expired by more than an hour. At this point the engine crew was relieved, their places being taken by men sent from Otis, a division point 4 miles distant. The conductor and brakemen were not relieved, but continued on duty to the destination of the train at Los Angeles, passing through San Bernardino, which is a passenger terminal but not for through trains. The conductor and brakemen might have been relieved either at Daggett or at San Bernardino, but no effort to do this was made. The question upon the merits is whether the act of Congress required the company, under the circumstances, to relieve them. The contention of plaintiff in error and petitioner is rested upon conference ruling No. 88 (b) of the Interstate Commerce Commission, published June 25, 1908, which, after quoting the first proviso of § 3 of the act: "*Provided*, That the provisions of this Act shall not apply in any case of casualty or unavoidable accident or the act of God; nor where the delay was the result of a cause not known to the carrier or its officer or agent in charge of such employee at the time said employee left a terminal, and which could not have been foreseen"; added the following: "Any employee so delayed may thereafter continue on duty to the terminal or end of that run. The proviso quoted removes the application of the law to that trip."

Our jurisdiction by writ of error is governed by § 241, Judicial Code (Act of March 3, 1911, c. 231, 36 Stat. 1087, 1157); which gives the right of review only where the matter in controversy exceeds one thousand dollars besides cost. The amount actually in dispute here being only nine hundred dollars, the writ of error must be dismissed. *Export Lumber Co.* v. *Port Banga Co.*, 237 U. S. 388.

There is an application for the allowance of a writ of certiorari under § 240, consideration of which has been postponed until the hearing on the writ of error; but, since it was presented, all occasion for granting it has been removed by our decision in *Atchison, Topeka & Santa Fe Ry. Co.* v. *United States*, 244 U. S. 336, which in principle is indistinguishable from the present case, and was decided by the Circuit Court of Appeals (220 Fed. Rep. 748) upon the authority of its decision in the present case.

*Writ of Error dismissed.*
*Petition for Writ of Certiorari denied.*

MR. JUSTICE McREYNOLDS took no part in the consideration or decision of this case.