## DENVER & R. G. R. CO. v. UNITED STATES.

## UNITED STATES v. DENVER & R. G. R. CO.

(Circuit Court of Appeals, Eighth Circuit.  December 13, 1920.)

Nos. 5621, 5622.

1. **Master and servant ⟨⟩17—Burden on railroad to show diligence to prevent excessive hours of service.**

Under Hours of Service Act (Comp. St. §§ 8677–8680), where a train has been delayed through casualty or unavoidable accident, it is the duty of the railroad company to exercise reasonable diligence to prevent excess hours of service by the train crew, and the burden of proving such diligence rests upon the company.

2. **Master and servant ⟨⟩13—Time of unavoidable delay not added to permitted hours of service.**

Hours of Service Act (Comp. St. §§ 8677–8680) does not authorize a railroad company to add the time during which a train is delayed through casualty or unavoidable accident to the 16 hours of the train crew permitted by the act.

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by the United States against the Denver & Rio Grande Railroad Company. From the judgment, both parties bring error. Affirmed on defendant's writ of error, and reversed on that of the United States.

Monroe C. List, Sp. Asst. U. S. Atty., of Washington, D. C. (Harry B. Tedrow, U. S. Atty., and John A. Gordon, Asst. U. S. Atty., both of Denver, Colo., on the brief), for the United States.

T. R. Woodrow, of Denver, Colo. (E. N. Clark and J. G. McMurry, both of Denver, Colo., on the brief), for Denver & R. G. R. Co.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge.  [1] This is an action by the United States to recover penalties from the Railroad Company for violations of the Hours of Service Act (34 Stat. 1415 [Comp. St. §§ 8677–8680]). The complaint contained 23 counts.  The case was heard by the court on an agreed statement of facts and judgment rendered in favor of the United States on all counts except 11, 12, and 13, which were dismissed.  Both parties appeal.

The statement of facts covers 10 printed pages of the record and cannot be set forth here on account of its length.  It is admitted by the Railroad Company as to each cause of action that there was excess service.  The United States admit as to each cause of action that the original delay of the respective trains was caused by unavoidable accidents or casualties.  The only question therefore for decision is as to whether the Railroad Company exercised the diligence required by law after the occurrence of the unavoidable accidents to prevent the excess service of its employees.  A., T. & S. F. Ry. Co. v. U. S., 244 U. S. 336, 37 Sup. Ct. 635, 61 L. Ed. 1175, Ann. Cas. 1918C, 794; San

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Pedro, L. A. & S. L. Ry. Co. v. U. S., 247 U. S. 307, 38 Sup. Ct. 498, 62 L. Ed. 1129; Denver & Rio Grande Ry. Co. v. U. S., 233 Fed. 62, 147 C. C. A. 132; U. S. v. Kansas City Southern Ry. Co., 202 Fed. 828, 121 C. C. A. 136; Indiana Harbor Belt Ry. Co. v. U. S., 244 Fed. 943, 157 C. C. A. 293; Baltimore & Ohio Ry. Co. v. U. S., 242 Fed. 1, 154 C. C. A. 593. The burden of proof was on the Railroad Company to show that it exercised the required diligence to relieve the crews and to prevent the excess service of its employees. U. S. v. Kansas City Southern Ry. Co., 202 Fed. 828, 121 C. C. A. 136; Great Northern Ry. Co. v. U. S., 218 Fed. 302, 134 C. C. A. 98, L. R. A. 1915D, 408; Indiana Harbor Belt Ry. Co. v. U. S., supra; U. S. v. Galveston, H. & H. Co., 255 Fed. 755, 167 C. C. A. 101.

[2] Paragraph 7 of the statement of facts reads as follows:

"Defendant never made a practice of tieing up main line trains and relieving the crews for rest at any place when such trains and crews had been delayed by casualty or unavoidable accident, * * * or of sending out relief crews from Minturn or Grand Junction under such circumstances, for the reason that defendant acted upon the theory that it had a legal right to work a crew 16 hours and such time in addition thereto as that crew had been delayed en route by such casualty or unavoidable accident, and for the further reason that it desired to avoid the expense of deadheading relieved crews to a terminal under pay, and of paying substitute crews while deadheading to the relief of such crews, in the event that relief crews were available, or in the alternative, of holding engines and equipment out of service while train and engine crews were tied up between terminals for the purpose of securing rest in accordance with the requirements of the federal act."

The statement of facts therefore shows that the Railroad Company did not give any attention to its duty of using diligence to relieve its employees and thereby prevent an excess service but that it relied wholly upon a false theory of the law as to its duty in the premises. Said false theory was that the Railroad Company had the right to add the time the respective trains were delayed by accident or casualty to the sixteen hours that the employees might be held in service. In A., T. & S. F. Ry. Co. v. U. S., supra, the Supreme Court said:

"It was the duty of the company, after the breakdown, * * * to use all reasonable diligence to avoid the consequences of the unavoidable accidents which had delayed the movement of the train and to relieve the crew by the means practically at hand."

It does not appear from the statement of facts what the extra expense would have been to deadhead the different crews back and forth in making the change of crews, or how much extra expense would have been added by tieing up the trains until the crews could have the necessary rest. If, therefore, expense could ever be an excuse for not using due diligence, it cannot be considered in this case, as it does not appear what the expense would have been. We have examined the statement of facts carefully and conclude that the District Court was right in its judgment against the Railroad Company. We are, however, of the opinion that the same reasons which compelled a judgment against the Railroad Company on all counts except 11, 12, and 13, also compel a judgment against it as to the last-mentioned counts. Paragraph 22 of the statement of facts, which relates to counts 11, 12, and 13, is as follows:

"Several hours before this train left Grand Valley defendant's chief train dispatcher knew that it would be impossible for it to reach Minturn, so that the employees thereon could be relieved within 16 hours from the time they went on duty at Grand Junction. No effort was made by said dispatcher to tie this train up and relieve the engine and train crew for rest at any place; the dispatcher acted upon the theory that the delay at Grand Valley was due to an unavoidable accident, and that he therefore had a right to require the engine and train crew to complete their run to Minturn, provided they were not on duty over 16 hours, in addition to the time the train had been delayed at Grand Valley. For this reason, said dispatcher, at 8:30 a. m., wired the dispatcher at Glenwood Springs to extend the time of this engine and train crew 9 hours and 40 minutes beyond the 16-hour period. Upon the arrival of this train at Glenwood Springs at 11:20 a. m., the engineer and fireman requested the dispatcher that they be relieved, which was done, and a new engine crew was thereupon substituted. Said dispatcher made no effort to deadhead an engine and train crew from Minturn on its passenger train No. 15. No. 15 left Minturn at 9:10 a. m., arriving at Glenwood Springs at 11:20 a. m., New Castle at 11:50 a. m., and at Rifle at 12:15 p. m. (extra and second 52 left Rifle at 8:53 a. m.). Had this action been taken, excess service could either have been avoided or reduced to a minimum, and the employees so relieved could have deadheaded on their own train to Minturn. The reasons of said dispatcher in not sending out a relief engine and train crew are set forth in paragraph 7 hereof. At the time this train was at Glenwood Springs there was no train crew there available for service."

Paragraph 7, referred to in paragraph 22, has heretofore been quoted. We are of the opinion that upon the facts stated the judgment in favor of the Railroad Company on counts 11, 12, and 13, should be reversed, and the court below directed to enter such judgment thereon as in its opinion shall be just.

Otherwise the judgment below is affirmed.